MARK E. VOVOS, #4474
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220
*Attorney for Hunter Bow O'Mealy*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| United States of America, ) | |
| ) | **NO. 2:21-CR-00142-TOR-1** |
| Plaintiff, ) | |
| vs. ) | Motion for Release Pursuant to |
| ) | 18 U.S.C. 3142 and Memorandum |
| ) | in Opposition to Government's |
| Hunter Bow O'Mealy, ) | Motion for Detention Hearing |
| ) | |
| Defendant. ) | **Hearing:   November 10, 2021** |

## **INTRODUCTION**

Mr. Hunter Bow O'Mealy appears before this Court on the government's Motion for Detention pursuant to 18 USC 3142(e) and (f). Mr. O'Mealy was arrested on or about October 15, 2021. He made an initial appearance on a Rule 5 hearing in the District of Arizona on October 20, 2021, and was held pending proceedings in the Eastern District of Washington. He was charged in a superseding indictment as follows: 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), 846 Conspiracy to Distribute 400 Grams or More of Fentanyl (Count 1); 21 U.S.C.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 1

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

§ 841(a)(1), (b)(1)(B)(vi) Distribution of 40 Grams or More of Fentanyl (Counts 2-3); and 21 U.S.C. § 853 Forfeiture Allegations.

## FACTS RE: HUNTER BOW O'MEALY

Hunter Bow O'Mealy is 18 years of age and born in Tacoma, Washington on February 18, 2003, to Maralyn O'Mealy.

Hunter Bow O'Mealy has one sister that is 33 years old and lives in the State of Colorado. His father, Todd O'Mealy, is a chiropractor, working for the United States Government, DOD, treating soldiers and special forces. His mother, Maralyn O'Mealy, works as a professional biller for businesses. Hunter Bow O'Mealy is a life-long resident of the State of Washington.

The family has a home in Packwood, Washington, and Hunter Bow O'Mealy would reside there if his pre-trial release conditions are granted (address will be provided to the Court and Pre-Trial Services).

Mr. O'Mealy received his education in the State of Washington and attended Montessori School, Grades 1 through 3, Port Defiance Elementary School, Grades 3 through 5, Mason Middle School, Grades 6 through 8, and Wilson High School in Tacoma, Washington, through his junior year. During the COVID pandemic, he was finishing his high school education on-line and plans to return to Wilson High School for his senior year.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 2

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

While in high school, Hunter Bow O'Mealy has worked for over a year as a cook at Papa Johns in Tacoma, Washington.

## REQUEST FOR RELEASE

The defendant, Hunter Bow O'Mealy, by and through his attorney, Mark E. Vovos, hereby requests that this Court grant conditions of release pursuant to 18 U.S.C. §3142(c).

1) 18 U.S.C. §3142(c)(B)(i): That Hunter Bow O'Mealy shall remain at his residence located in Packwood, Washington, with electronic monitoring as his primary residence under house arrest, except for work and court.

2) 18 U.S.C. §3142(c)(B)(iv): That Hunter Bow O'Mealy shall not travel from Western Washington without prior approval of the Federal Pre-Trial Services, except for court appearances or work, if approved.

3) 18 U.S.C. §3142(c)(B)(v): That Hunter Bow O'Mealy shall not have any contact with any witnesses in this case.

4) That Hunter Bow O'Mealy shall comply with all rules and regulations of Pre-Trial Services.

5) 18 U.S.C. §3142(c)(b)(xi): That Hunter Bow O'Mealy shall report as ordered by the Court to the Pre-Trial Services located in Spokane, Washington.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 3

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

6) 18 U.S.C. §3142(c)(B)(viii): That Hunter Bow O'Mealy shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

7) 18 U.S.C. §3142(c)(B)(x): That Hunter Bow O'Mealy shall refrain from the use of alcohol, any narcotic drug or any other controlled substances, including marijuana, except that as prescribed by a licensed medical practitioner.

8) If ordered, Hunter Bow O'Mealy would comply with all rules and regulations for electronic monitoring, including paying for the full cost of any such electronic monitoring.

9) That Hunter Bow O'Mealy shall remain employed at White Pass Ski Resort, where he has a job.

10) That Hunter Bow O'Mealy would comply with all curfew hours as ordered by the Court.

11) That Hunter Bow O'Mealy execute an agreement to forfeit, upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure his appearance. He will provide the Court with proof of ownership of the value of the property, along with information regarding existing encumbrances as the Court may require.

12) That Hunter Bow O'Mealy would cooperate with authorities in the collection of a DNA sample.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 4

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

13) 18 U.S.C. §3142(c)(12)(xii): If required, Hunter Bow O'Mealy and his parents shall execute a bail bond with solvent sureties.

14) That Hunter Bow O'Mealy would appear at all future hearings.

15) That Hunter Bow O'Mealy will sign any and all forms, including a 199C.

16) That Hunter Bow O'Mealy would remain in contact with his lawyer and call him at least twice per week.

17) That Hunter Bow O'Mealy shall surrender any passport if he has one, and shall not apply for a new one during the pendency of this case.

18) That Hunter Bow O'Mealy would submit to UA testing as directed, as well as any substance abuse evaluation and recommended treatment.

## **REQUIREMENTS OF THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. §3142 et seq., requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person and the safety of the community. Only in rare circumstances should release be denied. *Sellers v. United States*, 89 S.Ct. 36, 21 L.Ed.2d 64 (1968). 18 U.S.C. §3142; *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). In fact, Title 18 U.S.C. §3142(b) mandates pre-trial release ("shall order the pre trial release") on personal

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 5

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

recognizance or an unsecured appearance bond unless the Court determines that such will not reasonably assure the person's appearance or will endanger the safety of another person or the community. Only in rare circumstances should release be denied and doubts regarding the propriety of release should be resolved in Hunter Bow O'Mealy's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991), citing *Motamedi*, 767 F.2d at 1405.

If the Court determines that a personal recognizance or unsecured release will not reasonably assure appearance or will endanger any other person or the community, 18 U.S.C. §3142(c) still mandates release ("shall order the pre-trial release") subject to certain specified conditions. The conditions, which must include that the person not violate any federal, state or local law, must be the least restrictive conditions necessary to reasonably assure the person's appearance and the community's safety. The provision that the conditions "reasonably assure" appearance and safety does not require a guarantee of an appearance or safety. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 US 950 (1986); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985). It requires an "objectively reasonable" assurance of community safety and the defendant's appearance at trial. *Orta*, at 892. The Court stated in the case of *United States v. Gentry*, 455 Fed. Supp.2d 1018 (2006):

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 6

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

# BAIL REFORM ACT OF 1984

"The Bail Reform Act [the 'Act'], 18 U.S.C. §§ 3141-3150, authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person, pending trial, sentence, and appeal." The Act requires a district court to order a defendant detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required...." 18 U.S.C. § 3142(e); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); ***United States v. Motamedi*, 767 F. 2d 1403, 1405 (9th Cir. 1985).** "The district court has a duty to engage in a two-step inquiry before ordering a defendant released or detained pending trial." *United States v. Hollender*, 162 F.Supp.2d 261, 264 (S.D.N.Y. 2001); 18 U.S.C. § 3142(b) and (e). First, the district court must make a finding as to whether the defendant presents a "serious risk that such person will flee" if not detained. 18 U.S.C. § 3142(f)(2)(A). "Second, if the defendant is likely to flee, the district court must determine whether some set of conditions would sufficiently vitiate that risk." *Hollender,* 162 F.Supp.2d. at 264; 18 U.S.C. § 3142(g).

FN4. David N. Adair, Jr., Federal Judicial Center, *The Bail Reform Act of 1984* (3rd Ed.2006), p. vii.

[1] In making the determination whether conditions exist that would reasonably assure a defendant's appearance, Section 3142(g) requires the district court to take into account four statutory factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release. 18 U.S.C. § 3142(g). The weight to be accorded to each of these factors rests in the Court's discretion. *Hollender,* 162 F.Supp.2d at 264. The Act, however, mandates

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 7

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

release of a defendant facing trial under the "least restrictive" condition or combination of conditions that will reasonable assure the appearance of the defendant as required. 18 U.S.C. § 3142(c)(1)(B); *Motamedi,* **767 F. 2d at 1405**. The burden of proof rests with the Government which must establish risk of flight by a preponderance of the evidence, not by the higher standard of clear and convincing evidence. *Id.* **at 1406.** Reminding the district courts of the presumption of innocence and its corollary that the right to bail should be denied only for the strongest of reasons, the *Motamedi* court indicated that "**[o]nly in rare circumstances should release be denied,**" and **"[d]oubts regarding the propriety of release should be resolved in favor of the defendant."** *Id.* at 1405, 1407.

## FACTORS TO BE CONSIDERED

Section 3142(g) sets forth the factors the judicial officer shall take into account:

(1) the nature and circumstances of the offense charged;
(2) the weight of the evidence;
(3) the history and characteristics of the person including:

- the defendant's character
- physical and mental condition
- family ties
- employment
- financial resources
- length of residence in the community
- community ties
- past conduct
- history relating to drug or alcohol abuse
- criminal history
- record of appearance at court proceedings
- whether at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence; and

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 8

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

(4) the nature and seriousness of the danger to any person or the community that would be posed by Hunter Bow O'Mealy's release.

Of these factors, the weight of the evidence is the least important and the statute neither permits nor requires a pre-trial determination of guilt. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1408; *Gebro*, 948 F.2d at 1121.

The Government has the burden of proving risk of flight by a clear preponderance of the evidence. *Motamedi*, 767 F.2d at 1406-07. The threat of flight must be serious. *United States v. Jamal,* 285 F.Supp.2d 1221 (D. Ariz. 2003). *See United States v. Girodana,* 370 F.Supp.2d 1256 (So. Dist. Florida 2005). Serious charges are not enough by themselves to justify detention on basis of flight risk. Drug use does not mean defendant poses flight risk. *United States v. Scott,* 450 F.3d 863 (9th Cir. 2006). The Government also has the burden of proving danger to the community by clear and convincing evidence. 18 U.S.C. §3142(f); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); *United States v. Portes*, 786 F.2d 758 (7th Cir 1985). The Court cannot detain merely if it determines that OR or PR will not prevent flight or danger to the community; it must nonetheless consider other conditions. *Orta, supra.*; 18 U.S.C. §3142.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 9

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

# **CONDITIONS OF RELEASE ARE APPROPRIATE IN THIS CASE**

1. <u>The Nature and Seriousness of the Offense Charged</u>.

Hunter Bow O'Mealy is charged under #CR-00142-TOR, Eastern District of Washington, as follows: 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), 846 Conspiracy to Distribute 400 Grams or More of Fentanyl (Count 1); 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi) Distribution of 40 Grams or More of Fentanyl (Counts 2-3); and 21 U.S.C. § 853 Forfeiture Allegations.

Of all the factors the Court has to consider concerning pre-trial release, the weight of the evidence is least important. *Motamedi*, supra at 1408. The evidence proffered by the Government is equally consistent with innocence as with guilt.

2. <u>History and Characteristics of Hunter Bow O'Mealy</u>.

- HUNTER BOW O'MEALY (born in the United States, and has lived in Washington all his life)

- FAMILY:

    His family resides in the State of Washington, with the exception of his sister, who lives in Colorado. He would reside with his family in Packwood, Washington.

- EMPLOYMENT:

- Mr. O'Mealy has employment at White Pass Ski Lodge and would be under conditions of release including bond and electronic/GPS monitoring.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 10

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

### 3. The Question of Flight or Failure to Appear.

Any failure to appear for any court appearance was because Mr. O'Mealy was arrested and incarcerated by the Federal Government. He has lived in the State of Washington for 18 years.

Hunter Bow O'Mealy need not show that release conditions will be equivalent of jail. The only need for conditions is that it will reasonably assure the defendant's presence. *Kin-Hong v. United States,* 926 F.Supp. 1180 (D. Mass. 1996).

Clear and convincing evidence means that there must be proof that a particular defendant actually poses a danger, not that he in theory presents a danger. *United States v. Patriarca,* 948 F.2d 789 (1st Cir. 1981).

The presumption utilized by the plaintiff: 18 U.S.C. § 3142(e). The presumption in this drug offense case appears to be made to prevent flight. *United States v. Jessup,* 757F.2d 378, 395-98 (1st Cir. 1985).

If the presumption is invoked in this drug offense case such as this, the defendant need only present some credible evidence showing he is not a flight risk or danger to the community. *U.S. v. Alatishe,* 768 F.2d 364 (D.C. Cir. 1985); *U.S. v. Jessup,* 757 F.2d 378 (1st Cir. 1985); *U.S. v. Chimurenga,* 760 F.2d 400 (2d Cir. 1985); *U.S. v. Perry,* 788 F.2d 100 (3d Cir. 1986); *U.S. v. Fortna,* 769 F.2d 243 (5th

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 11

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

Cir. 1985); *U.S. v. Hazime,* 762 F.2d 34 (6th Cir. 1985); *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1985); *U.S. v. Hurtado,* 779F.2d 1467 (11th Cir. 1985); *U.S. v. Freitas,* 602 F. Supp. 1283 (N.D. Cal. 1985); *U.S. v. Moore,* 607 F. Supp. 489 (N.D. Cal. 1985).

## **CONDITIONS OF RELEASE**

If this Court determines that a personal recognizance or unsecured release will not reasonably assure appearance, or will somehow endanger any other person or the community, 18 U.S.C. §3142(c) still mandates release subject to certain specific conditions. Those conditions may include house arrest. *United States v. Traitz*, 807 F.2d 322 (3rd Cir. 1986), *cert denied*, 493 U.S. 821 (1989). The Court may also impose conditions requiring a property bond, 18 U.S.C. §3142(c)(B) (xi); a bail bond, (xii); and require available medical, psychological or psychiatric treatment, (x).

In this case, Hunter Bow O'Mealy, through his attorney, avers the following conditions of pre-trial release are appropriate:

1) 18 U.S.C. §3142(c)(B)(i): That Hunter Bow O'Mealy be allowed to live at his parents' home in Packwood, Washington, as his primary residence, under house arrest, with electronic monitoring.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 12

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

2) 18 U.S.C. §3142(c)(B)(iv): That Hunter Bow O'Mealy not travel from Western Washington without prior approval of Pre-Trial Services, except for court appearances in Eastern Washington and any other travel restrictions the Court may impose.

3) 18 U.S.C. §3142(c)(B)(v): That Hunter Bow O'Mealy has no contact with any witnesses in this case.

4) That Hunter Bow O'Mealy complies with all rules and regulations of Pre-Trial Services.

5) 18 U.S.C. §3142(c)(b)(xi): That Hunter Bow O'Mealy report as ordered by the Court to the Pre-Trial Services located in Spokane, Washington.

6) 18 U.S.C. §3142(c)(B)(viii): That Hunter Bow O'Mealy refrain from possessing a firearm, destructive device, or other dangerous weapon.

7) 18 U.S.C. §3142(c)(B)(x): That Hunter Bow O'Mealy refrain from the use of alcohol, any narcotic drug or any other controlled substances, including marijuana, except that as prescribed by a licensed medical practitioner.

8) If ordered, Hunter Bow O'Mealy would comply with all rules and regulations for electronic monitoring, including paying for the full cost of any such electronic monitoring.

9) That Hunter Bow O'Mealy remains employed.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 13

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

10) That Hunter Bow O'Mealy complies with any curfew hours as ordered by the Court.

11) That Hunter Bow O'Mealy and his family shall execute an agreement to forfeit, upon Hunter Bow O'Mealy's failure to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure his appearance. He and his family will provide the Court with proof of ownership of the value of the property, along with information regarding existing encumbrances as the Court may require.

12) That Hunter Bow O'Mealy cooperate with authorities in the collection of a DNA sample, if any is required.

13) 18 U.S.C. §3142(c)(12)(xii): Alternatively, that Hunter Bow O'Mealy and his parents execute a bail bond with solvent sureties in an amount determined by the Court.

14) That Hunter Bow O'Mealy appears at all future hearings.

15) That Hunter Bow O'Mealy sign all documents required by the Court.

16) That Hunter Bow O'Mealy contacts his attorney, Mark E. Vovos, at least twice per week.

17) That Hunter Bow O'Mealy surrender his passport, if he has one, and not apply for a new one during the pendency of this case.

MOTION FOR RELEASE PURSUANT
TO 18 USC 3142 and MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING - 14

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

18) That Hunter Bow O'Mealy submits to UA testing as directed, as well as any substance abuse evaluation and recommended treatment.

19) That Hunter Bow O'Mealy will wear a GPS monitoring device at all times and in compliance with all conditions of Pre-Trial Service concerning wearing of an electronic device.

It is respectfully submitted that this combination of conditions will secure Mr. O'Mealy's attendance at trial and address any concern that the Court may have concerning Hunter Bow O'Mealy's danger to the community or to any person.

RESPECTFULLY SUBMITTED this 9th day of November, 2021.

>  /s/ Mark E. Vovos, #4474
> Attorney for Hunter Bow O'Mealy
> 2127 S. Pittsburg
> Spokane, WA 99203
> Phone: (509) 326-5220
> E-mail: mvovos@mvovos.digitalspacemail8.net

MOTION FOR RELEASE PURSUANT TO 18 USC 3142 and MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION HEARING - 15

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie Van Marter
Assistant United States Attorney
U.S. Attorney's Office - SPO
920 W. Riverside, Suite 300
P.O. Box 1494
Spokane, WA  99210-1494
stephanie.vanmarter@usdoj.gov

Richard Barker
Assistant United States Attorney
U.S. Attorney's Office - SPO
920 W. Riverside, Suite 300
P.O. Box 1494
Spokane, WA  99210-1494
richard.barker@usdoj.gov

*s/ Mark E. Vovos, #4474*
Attorney for Hunter Bow O'Mealy
2721 S. Pittsburg
Spokane, WA 99203
Phone:  (509) 326-5220
E-mail:  mvovos@mvovos.digitalspacemail8.net

MOTION FOR RELEASE PURSUANT TO 18 USC 3142 and MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION HEARING - 16

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburgh
Spokane, WA 99203
(509) 326-5220