FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER BOW O'MEALY,<br><br>Defendant. | No. 2:21-CR-00142-TOR-1<br><br>ORDER FOLLOWING DETENTION HEARING<br><br>**MOTION GRANTED**<br>  **(ECF No. 33)** |

On November 10, 2021, the Court held a detention hearing for Defendant HUNTER BOW O'MEALY. Defendant appeared in custody represented by Attorney Mark Vovos. Assistant U.S. Attorney Richard Barker represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

The United States sought Defendant's detention, contending that if released, Defendant would present both a risk of flight and a danger to the safety of the community, **ECF No. 33**. Jon Wiseman, Special Agent, Drug Enforcement Administration, testified on behalf of the Government and was cross-examined. Exhibits were offered by the Government and were admitted by the Court over the objection of defense counsel. The Government and defense counsel presented argument and defense counsel proposed a release plan. The Court took the detention motion under advisement.

The Court has considered the Reports of Pretrial Services, the testimony and exhibits presented, Defendant's proposed release plan, and the arguments of counsel. The Court has taken into account the nature and circumstances of the offenses charged, the weight of the evidence against Defendant, as well as

ORDER - 1

Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

As an initial matter, the Court finds that a rebuttable presumption of detention applies based on the nature of the charges against Defendant and the Court notes that the United States has invoked the rebuttable presumption of detention. *See* 18 U.S.C. § 3142(e)(2). Defendant offered evidence of his release plan, young age, and lack of criminal history, among other evidence, to overcome the presumption of detention. The Government offered the testimony of Special Agent Wiseman and related exhibits in support of Defendant's detention. Because Defendant has offered evidence in an effort to establish that he is not a flight risk and that he is not a danger to the community if released, the Court considers the presumption of detention merely as another element to be considered in determining the ultimate question of whether any combination of release conditions would reasonably ensure the safety of any other person in the community and Defendant's appearance for trial.

During the detention hearing, the United States offered significant evidence, to include visual evidence, that Defendant possessed and handled multiple firearms in conjunction with the offenses charged in the Superseding Indictment. In addition, the United States also offered evidence strongly suggesting that Defendant was directly involved in a shooting in the Western District of Washington related to the offenses charged in the Superseding Indictment and stemming from a belief by Defendant that the shooting victim was cooperating with law enforcement. The evidence presented involving Defendant's possession

ORDER - 2

and use of firearms to facilitate serious acts of violence is compelling, cannot be ignored, and was not meaningfully rebutted. Additionally, the United States offered evidence suggesting that Defendant and at least one co-Defendant were concerned that other individuals may be cooperating with law enforcement. Finally, the United States offered evidence that Defendant and at least one co-Defendant, prior to their arrests, were seeking to acquire identification documents under alternate identities in an effort to avoid law enforcement detection and to facilitate flight from at least the Pacific Northwest if not the United States. While Defendant cited his young age and lack of criminal history and offered a release plan involving electronic monitoring and Defendant living at this parents' residence in the Western District of Washington, such proposed release conditions are insufficient to meet the standards for release noted above given the other factors at issue in this case as also noted above.

Accordingly, the Court finds that the United States has established by a preponderance of evidence that there is an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and that the United States has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released.

**IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 33**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

ORDER ~ 3

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested.  This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED November 16, 2021.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4