MARK E. VOVOS, #4474
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220
*Attorney for Hunter Bow O'Mealy*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **NO.** 2:21-CR-00142-TOR-1 |
| Plaintiff, ) | |
| ) | HUNTER BOW O'MEALY'S INITIAL |
| v. ) | SENTENCING MEMORANDUM AND |
| ) | MOTION FOR DOWNWARD |
| HUNTER BOW O'MEALY, ) | DEPARTURE |
| ) | |
| Defendant. ) | |

# **PREAMBLE**

This matter is set for sentencing before the Honorable Thomas O. Rice, Jr., on Wednesday, November 2, 2022, at 1:30 p.m. in Spokane, Washington. The initial presentence investigation was filed with this Court on September 28, 2022. Counsel for Mr. O'Mealy served his objections pursuant to the Court's Order on the parties on September 14, 2022, and revisits some of the objections in this Memorandum. Counsel also discussed objections to the PSIR with this author. This matter now comes before this Court for purposes of sentencing.

HUNTER BOW O'MEALY'S INITIAL SENTENCING
MEMORANDUM AND MOTION FOR DOWNWARD
DEPARTURE - 1.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

## PROCEDURE

On May 24, 2022, Mr. O'Mealy pled guilty to one count of a three-count superseding indictment charging conspiracy to distribute 400 grams or more of Fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846. That plea agreement is before the Court, and the parties, as part of the binding plea agreement, pursuant to Rule 11(c)(1)(C), and recommends a range of 144 to 240 months imprisonment. The parties recommend no less than a five-year term of supervised release, as required by statute, and no fine to be imposed. The agreement also provides for restitution. Mr. O'Mealy will have been in custody for over one year at the time of the sentencing before this Court on November 2, 2022.

The guideline range has a total offense level of 43, with a criminal history category of 1. The guideline range is imprisonment for life.

## ISSUE BEFORE THE COURT

The issue before the Court, as far as the defense is concerned, is whether the Court will follow the parties' agreement and adopt a sentencing range consistent with the range agreed to by the parties in 11(c)(1)(C) Motion.

Counsel makes the following observations concerning sentencing guideline calculations since the sentencing guideline enhancements. Most facts before this Honorable Court are based on the stipulation of the parties, and are supported by the

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 2.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

facts outlined in the offense, and a portion of the PSIR. Specifically, counsel's observation:

Paragraph 137 – Comment C - the two-level increase for mass marketing of drugs by use of a computer is minimally supported by one sentence in paragraph 155, however it appears that the Snapchat platform was used primarily as a means of communication to solicit drivers for another criminal enterprise (alien smuggling) which could or could not be considered relevant conduct and part of the overall conspiracy. Paragraph 51 is referenced since it appears as an attempt at humor rather than mass marketing of drugs. However, that's a question that really is a distinction without a difference concerning the guideline range and the defense level.

Paragraph 138 – the two level increase for maintaining a stash house, which was used as a retail storage facility to store and distribute controlled substances is questionable. Counsel argues that the main purpose was for conducting a storage facility that the parties had and really doesn't fit the definition of a stash house.

Paragraph 139 – likewise, the two-level increase for utilizing a minor in the drug activity would seem more appropriate if drugs were being provided to a minor rather than having been involved with the offense.

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 3.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

Paragraph 141 – the Level 4 increase for a leadership role is supported throughout the offense conduct.

As far as Paragraphs 142 and 103, the two-level increase for obstruction of justice at paragraph 103 is questionable. The threatened violence toward the co-defendant Bellovich did not make a material difference, something repeatedly referred to in the application notes of U.S.S.G. § 3(c)(1.1): There was no affirmative step taken, and Bellovich was unaware of the threats, so it would not have changed her testimony. This may rise to the level of obstruction, but it is questionable. Further, seeking a new identity from the government's undercover informant (C.S.) may not be obstruction. U.S.S.G. § 3(b)(1.1) – Application Note 1, excludes undercover law enforcement officers as "participants" in the commission of an offense, and this made no material difference as to new identity that was sought but was never obtained or used, and the same undercover law enforcement informant was able to continue to provide information concerning Mr. O'Mealy and his co-defendants throughout this five-month enterprise.

Because Mr. O'Mealy has an offense level of 47, it is recommended by the PSIR (50 minus 3 for acceptance of responsibility) and the offense level is capped at 43, we believe it would be impossible to successfully argue before this Honorable Court the sentencing guideline enhancements are incorrect or

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 4.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

in fact make a difference. The issues are related to sentencing, and the Rule 11(c)(1)(C) binding agreement as to the sentencing range, which is the focus of our memorandum and our representation.

Paragraphs 162, 163 and 164 illustrates the dysfunction that Mr. O'Mealy suffered in the past five years to come where he's at today: a very young person with recent personal trauma.

Mr. O'Mealy's age leads to a question of whether a sentence greater than the Rule 11(c)(1)(C) range agreed to by the parties would be necessary, or "more sufficient." As it stands, a term of imprisonment within the sentencing range agreed to by the parties would keep Mr. O'Mealy incarcerated into his thirties or longer for a crime he committed when he was 18 years of age.

Counsel believes it is important to note, in reviewing the sentencing, that the United States Attorney's Office for the Eastern District of Washington and other jurisdictions agree that the 11(c)(1)(C) range was agreed to by the parties, is sufficient to the point that other jurisdictions have waived prosecution if the defendant receives a term of imprisonment within that range. Counsel adopts those facts to bolster the argument for a variance from the guideline range of imprisonment to the sentencing range agreed upon by the parties.

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 5.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

For the reasons set forth in this Memorandum, counsel asks for a sentence within the range agreed to between the parties and within a range that is reasonably sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), as well as all other factors and circumstances in this case.

## FACTS

We adopt the facts set forth in the PSIR, except for those not supported by the substantial evidence, with the exception of facts based on inferences from inferences For example, the confidential source in Idaho had more than one source for obtaining drugs. This would make no difference in the guideline range, e.g., that the confidential source had more than one source for obtaining drugs.

## MR. O'MEALY'S SUBSTANCE PROBLEM

Mr. O'Mealy's substance history is extensive for his age. He first consumed alcohol at age 14 and described himself as a daily drinker, drinking about six nights a week after he turned 15. Mr. O'Mealy reportedly first smoked marijuana at 14 and has used it daily since. He disclosed problematic hallucination use, namely, with acid, and has used it a lot beginning around age 14. He has also used cocaine, using it several times between the ages of 16 and 18, stating that his method of use included snorting. He also used methamphetamines at times between the age of 16, but not on a regular basis. At 16, he started using opioid prescription pain medication and during the time of this incident he was using it almost on a daily

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 6.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

basis, ongoing until his arrest in October of 2021. He has never participated in any chemical dependency treatment and counsel believes it would be helpful if he did so. Mr. O'Mealy clearly acknowledges he needs professional help in abstaining from substance use in light of his marijuana, hallucinogenic, and opioid prescription problems.

Obtaining treatment for his drug addiction is as important or not more important than punishment. If Mr. O'Mealy remains abstinent, which he has for the last year, the likelihood of re-offense is very low. A long term of imprisonment will not change what treatment may accomplish in a setting either in prison or continued after any prison sentence. His addiction and his age both impacted his judgment. He is an ideal candidate for a drug treatment program in the Bureau of Prisons, and should be recommended by the Court as a candidate for the RDAP Program. Counsel would recommend that the Court order that as part of any sentence.

In Rule 5(c)(1.1), Application Note 7 of the Federal Sentencing Guidelines, it is recognized that the Court may depart downward to a range that is lower than the Court's offense level, to help reach a guideline range where treatment can be sentenced. In this regard, we are asking the Court to exercise at sentencing discretion under § 3553(a) factors. Consistent with the Guideline Commission's approval of sentencing Mr. O'Mealy to treatment as well as prison.

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 7.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

## MOTION FOR DOWNWARD DEPARTURE

Hunter Bow O'Mealy moves this Court for a downward departure concerning sentencing guidelines in this case. This Motion is based upon the records and files herein, the Memorandum of Law filed contemporaneously herewith, and pro-offers made as well as argument of counsel.

## ASSUMING AN OFFENSE LEVEL OF 43 TO 47, AND A CRIMINAL HISTORY OF ZERO TO ONE, A SENTENCE WITHIN THE GUIDELINE RANGE AND AGREEMENT OF THE PARTIES PURSUANT TO THE 11(c)(1)(C) AGREEMENT OF 144 TO 240 MONTHS IMPRISONMENT WOULD BE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO SERVE THE PURPOSES OF SENTENCING

In *Pepper v. United States*, 562 U.S. 467, 491 (2011), the court stated as far as fashioning a sentence:

> To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most officiant manner.

As Your Honor well knows, the guidelines are advisory only. They are but one factor among many others that may be considered in appropriate sentence. The guidelines are one factor of many. As stated by the Court in *United States v. Carty*, 520 F.3d 984, 91 (9th Cir. 2008):

> The district court may not presume that the guideline range is reasonable. Nor should the guideline factor be given more or less weight than any other. While the guidelines are to be respectfully

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 8.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

considered, they are one factor among the Section 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

*Also see United States v. Kimbrough*, 552 U.S. at 90 and *United States v. Booker*, 543 U.S. 220, 245 (2005). Moreover, the guidelines are "not to be presumed reasonable" and are to be given no more weight than any other factor listed in 18 U.S.C. § 3553(a). *Nelson v. United States*, 555 U.S. 350, 352 (2009).

## MOTION FOR DOWNWARD DEPARTURE AND VARIANCE

Hunter Bow O'Mealy moves this Court for a downward departure and variance concerning sentencing guidelines in this case. This Motion is based upon the records and files herein, including the Memorandum of Law, and pro-offers made as well as argument of counsel.

## THE COURT CAN FASHION A DOWNWARD DEPARTURE

In *Koon v. United States*, 116 S.Ct. 2035 (1996), the United States Supreme Court underscored the fact that the United States Sentencing Guidelines Act and/or the Plea Agreement authorized District Courts to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Commission. The Court recognized the federal judicial tradition for sentencing judges to consider every defendant as an "individual" and every case as a "unique study in the human failings that sometimes mitigate . . . the crimes and the punishment to ensue." *Id.* at 2053. The Court significantly noted the

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 9.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

District Court's "institutional advantage" in making departure determinations. *Id.* at 2047.

### AGE IS AN APPROPRIATE CONSIDERATION FOR A DOWNWARD DEPARTURE IN THIS CASE

At the time of these offenses, Mr. O'Mealy was 18 years of age. U.S.S.G. § 5H1.1 (Age) policy statements provide that "age, including youth, may be relevant in determining whether departure is warranted if consideration based on age or a combination with other offender characteristics are present to an unusual degree and distinguish the case with the type of cases covered by the guideline."

Counsel believes this is a basis for departure and/or consideration for departure by this Court.

### NO FELONY CRIMINAL HISTORY

Mr. O'Mealy has no felony criminal history, and this is a basis for departure. Prison time is more significant for a first offender. *United States v. Paul*, 2007 WL 2384234 (9th Cir., August 17, 2007) (unpublished) (within guideline range of 16 months (high end) for taking government money unreasonably high in part because Paul was "a first-time offender with absolutely no criminal record whatsoever").

Defendant was addicted to drugs.

### THE LAW

The sentencing court "may not presume that the guideline range is reasonable," but rather must "make an individualized assessment based on the facts

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 10.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

presented" to arrive at a sentence that is sufficient, but not greater than necessary in a given case. *Gall*, 128 S.Ct. at 597. There is no legal requirement that "extraordinary circumstances" are a prerequisite to the imposition of a non-guideline sentence. *Id*. the sentencing judge has a greater familiarity with the individual case than either the Sentencing Commission or the Court of Appeals, and is "therefore, in a superior position to find facts and judge their import under Section 3553(a) in each particular case." *Kimbrough*, 128 S.Ct. at 524 (*quoting Gall*, 128 S.Ct. at 597).

The defense contends that Mr. O'Mealy is an appropriate candidate for a downward departure: As 5K2.0 of the Sentencing Guidelines, Part K, dealing with grounds for departing from guidelines provides:

> Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. The controlling decision as to whether and to what extent the departure is warranted can only be made by the Court at the time of the sentencing . . . any case may involve factors in addition to those identified that have not been given adequate consideration by the commission. Presence of any such factors may warrant departure from the guidelines, under some circumstances, in the discretion of the sentencing judge. Similarly, the Court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (e.g., as in adjustment or specific defense characteristic). If the Court determines that, in light of the unusual circumstances, the guideline level attached to that factor is inadequate.

The defense has presented facts and legal bases herein to this Honorable Court, which exist that warrant the Court to depart from any guidelines sentence.

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 11.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

## THE § 3553(a) FACTOR AND OVERARCHING INSTRUCTION: THE PARSIMONY CLAUSE

In approving the sentence imposed in *Kimbrough*, the Supreme Court of the United States characterized, "over-arching instruction." 18 U.S.C. § 3553(a)'s direction that the district court impose a sentence sufficient, but not greater than necessary to accomplish the statute's sentencing goals. After considering the sentencing factors in the case, along with the reasons for the Court to adopt either of the parties' recommendations, it is submitted that the goals of sentencing are reached by the imposition of the sentence, however the guideline is calculated, and with supervised release after any imprisonment. For Mr. O'Mealy, any time is a substantial sentence, with good reasons that should be accepted by the Court. Mr. O'Mealy will be required to serve a term of supervised release for a substantial period of time after his release.

## CONCLUSION

Under the circumstances and considering Hunter Bow O'Mealy's criminal history, we respectfully request the Court sentence him within the agreed upon guidelines of 144 to 240 months imprisonment on the one count he has pled.

## LETTERS OF SUPPORT

For the Court's consideration at sentencing, Mr. O'Mealy is providing letters of recommendation and support (*see* Exhibits 1 through 6, attached).

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 12.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

RESPECTFULLY SUBMITTED this 19th day of October, 2022.

                               *s/ Mark E. Vovos*
                               Mark E. Vovos, #4474
                               Attorney for Hunter Bow O'Mealy
                               2721 S. Pittsburg
                               Spokane, WA 99203
                               Phone: (509) 326-5220
                               E-mail: mvovos@mvovos.digitalspacemail8.net

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 13.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Sandy D. Baggett<br>Attorney at Law<br>170 S. Lincoln Street, Suite 150<br>Spokane, WA  99201<br>646-714-7984<br>sdbaggett@hotmail.com | Attorney for Defendant<br>Caleb Ryan Carr |
| David R. Partovi<br>Partovi Law<br>900 N. Maple, LL<br>Spokane, WA  99201-1807<br>509-270-2141<br>davepartovi@gmail.com | Attorney for Defendant<br>Matthew Gudino-Pena |
| Richard R. Barker<br>U.S. Attorney's Office<br>P.O. Box 1494<br>Spokane, WA  99210-1494<br>509-353-2767<br>richard.barker@usdoj.gov | Attorney for Plaintiff<br>United States of America |
| Stephanie A. Van Marter<br>U.S. Attorney's Office<br>P.O. Box 1494<br>Spokane, WA  99210-1494<br>509-353-2767<br>stephanie.vanmarter@usdoj.gov | Attorney for Plaintiff<br>United States of America |

*s/ Mark E. Vovos, #4474*
Attorney for Hunter Bow O'Mealy
2721 S. Pittsburg
Spokane, WA 99203
Phone:  (509) 326-5220
E-mail:  mvovos@mvovos.digitalspacemail8.net

HUNTER BOW O'MEALY'S INITIAL SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE - 14.

MARK E. VOVOS, P.S.
Attorneys At Law
2721 S. Pittsburg
Spokane, WA 99203
(509) 326-5220